**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4438**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

EVERARDO MORA SANCHEZ,

                Defendant – Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:08-cr-00083-NCT-1)

─────────────

Submitted:  April 22, 2010                 Decided:  July 12, 2010

─────────────

Before KING, SHEDD, and DAVIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Everardo Mora Sanchez appeals his sentence to 181 months in prison and five years of supervised release after pleading guilty to possessing with intent to distribute 14.9 kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006), and possessing firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006). Sanchez's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue that Sanchez wishes to raise of whether his sentence is unreasonably high. Sanchez was notified of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

We review a sentence for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 591 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 128 S. Ct. at 597. On appeal, we presume that a sentence within a properly calculated

2

guideline range is reasonable. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007).

We have reviewed the record and conclude that the district court did not abuse its discretion in sentencing Sanchez, and his sentence is reasonable. As a result of his guilty plea, Sanchez was subject to a mandatory minimum prison term of ten years on the drug count and a consecutive sixty-month term on the firearm count. The district court properly determined his advisory guideline range was 121 to 151 months on the drug count plus the sixty months on the firearm count.

At sentencing, Sanchez acknowledged he was subject to a mandatory sentence of at least fifteen years, and he requested that the district court exercise its discretion by imposing a sentence at the bottom end of the guideline range on the drug count. The district court agreed, sentencing him to 121 months and the mandatory minimum sixty months. On appeal, Sanchez's attorney notes that his sentence is just one month over the mandatory minimum and acknowledges he is unable to identify any reasons supporting an argument that his sentence is unreasonably high. We likewise conclude the sentence is not unreasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing,

3

of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED